HEFFERLIN, RESPONDENT, *v.* KRIEGER, ET AL.,

APPELLANTS.

[Submitted January 15, 1897. Decided January 25, 1897.]

*Promissory Note—Accommodation Maker—Misuse of Funds by Principal—Laches—Pleading.*

PROMISSORY NOTE—*Action against Accommodation maker.*—The complaint alleged that the defendants and one M executed and delivered to one H their promissory note, which H assigned to plaintiff before maturity and for a valuable consideration; the answer denied that the note was ever assigned to the payee, that the note was ever assigned to plaintiff by endorsement or otherwise, or that the plaintiff was the owner or holder of the note. As an affirmative defense the answer alleges, that the defendants, at the request of M and for his accommodation, signed the note upon the agreement of M to use the money for a specific purpose, that plaintiff knew the purposes for which the note was executed by defendants and that they were merely sureties, and defendants denied that H ever advanced any money on the note, and alleged that any money advanced by plaintiff was so advanced as the agent of H, who, it is further alleged, also knew the circumstances under which and the purposes for which the defendants executed the note; the answer further alleges that M did not use the money for the purposes agreed upon, but does not state for what purpose it was used. The answer, as a further defense, alleges that, when the note fell due, and for several months thereafter, M (for whom there were sureties) was solvent and able to pay the note, and that the same would have been paid, if presented in time; that since that M had become insolvent, and was insolvent when the note was presented for payment. A demurrer to the complaint was sustained as to the affirmative matter; trial was had on the issues raised by the denials in the answer; plaintiff had judgment, from which defendants appealed.

1st. *Held,* the appeal being from the judgment alone, it will be presumed that the issues raised by the denials of the answer were sustained by the evidence and that the facts found by the jury accord with the allegations contained in the complaint.

2nd. *Held, further,* that as to the affirmative defense the answer was uncertain and indefinite, because it does not state the purposes for which M did use the money or that the plaintiff was injured by his use of the same.

3rd. *Held,* that the mere delay in presenting the note and in attempting to collect it from M did not constitute a defense. (*Smith* v. *Freyler,* 4 Mont. 489, 1 Pac. 214, followed.)

*Appeal from District Court, Gallatin County. F. K. Armstrong, Judge.*

ACTION by C. S. Hefferlin against F. A. Krieger and another on a promissory note. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Statement of the case by the justice delivering the opinion.

This is a suit on a promissory note. The plaintiff, as indorsee, seeks to recover judgment against the defendants Krieger and Thompson, on a promissory note which was executed on the 22d day of April, 1887, by one J. J. McBride and these defendants to · William Hefferlin, for the sum of $350, payable six months after date, with interest at 1¼ per cent. per month from date, with attorney's fees in case payment should have to be enforced at law, and which note plaintiff alleges was assigned to him for a valuable consideration by the said William Hefferlin on or about the 1st day of May, 1887. The answer admits the execution of the note, but denies on information and belief that the same was assigned on the 1st day of May, 1887, or at any other time, for a valuable consideration, by indorsement or otherwise, or delivered to plaintiff by the said William Hefferlin; and it is denied that the note was ever delivered to William Hefferlin, or any one for him. The answer denies further that the plaintiff is the owner or rightful holder thereof. The answer further alleges as an affirmative defense that on or about the 22d day of April, 1887, the defendant J. J. McBride, having been appointed postmaster at the post office of the city of Livingston, and being desirous of purchasing the fixtures then owned and used by F. W. Wright, the former postmaster, in the building on the lot adjoining the property of the appellants, importuned these appellants to sign a note with him for the purpose of raising money to purchase said fixtures, promising these defendants that if they signed the note, and so enabled him to raise the money, he would use the same for that purpose, and continue the use of the said fixtures in the building where the post office had been kept by the said F. W. Wright prior thereto. The answer further alleges that the said McBride did not use the money raised on said note for said purpose, but diverted it to other and different purposes, which other and different purposes are not stated in the answer. It is also alleged in the answer that the plaintiff had full knowl-

edge of the fact that these appellants were sureties for said McBride, as well as of the purposes for which said note was executed. It is denied in the answer that William Hefferlin ever advanced any money on said note, and it is alleged that, if any money ever was advanced on said note, it was advanced by the plaintiff as agent for William Hefferlin, who advanced it with full knowledge of the circumstances under which the note was executed, as well as of the purposes for which it was executed. As another and further defense it is alleged in the answer, upon information and belief, that from the 25th day of October, 1887, up to and until the 1st day of March, 1888, the said J. J. McBride was solvent, and in good circumstances, and able to pay said note, and, if the said note had been presented to the bank for payment, the same would have been paid, and that the defendants could have recovered the amount thereof from the said McBride; that he had sufficient property from which they could have collected the same, and that by plaintiff's laches the defendants lost their indemnity, which they would have had if the plaintiff had been diligent in collecting said note. It is alleged that on or about the 4th day of June, 1888, and prior to the time the note was presented to the bank or to these appellants for payment, the said McBride became insolvent, and absconded from the state, and that these defendants are thereby without remedy if they have to pay the note. The plaintiff demurred to the answer, whereupon the court overruled the demurrer as to the denials of the material allegations of the complaint, and sustained it as to the special defenses contained therein. Defendants elected to stand upon their answer, whereupon proof was heard as to the material allegations of the complaint and judgment entered for the plaintiff for the amount of said note. The defendants appeal from the judgment.

*Campbell & Stark*, for Appellants.

When the note is diverted from the purpose for which it was agreed to be used, the sureties are relieved. (*Benjamin* v. *Rogers*, 26 N. E. 970.) The failure of plaintiff to pre-

sent the note within reasonable time after maturity and before
the insolvency of the principal, as in this case, constitutes
laches and plaintiff cannot recover.   (Randolph on Commer-
cial Paper, § 893; *Craig* v. *Parkis*, 40 N. Y. 181; *Pain* v.
*Packard*, 13 John. 174; *King* v. *Baldwin*, 17 John. 384; *Ren-
sen* v. *Beekman*, 25 N. Y. 552; *Colgrove* v. *Tallman*, 67 N. Y.
95; *Wetzel* v. *Sponsler*, 18 Pa. St. 460; *Martin* v. *Skehan*, 2
Col. 614.)

   *John F. Smith*, for Respondent.

   Citing Estee Pl., Vol. 2, § 3544; Pomeroy's Remedies, 2
Ed., § 673; Bliss on Code Pleading, 2 Ed., § 340 and § 330
N. 5; *Carter* v. *Moulton*, 51 Kan. 9, 32 Pac. 633, 20 L. R.
A. 309; *McDonald* v. *Pincus*, 13 Mont. 83, 32 Pac. 283;
*Comm. of Marion Co.* v. *Clark*, 94 U. S. 278; Daniels on
Neg. Instr., 3 Ed., §§ 792, 793 and 793a; *Moreland's As-
signee* v. *Citizens' Savings Bank*, 30 S. W. 637; *Moore* v.
*Ward*, 1 Hilt. 337, 1 Campb. 246; Randolph on Com. Paper,
Vol. 2, 1 Ed., § 899; *Id.* Vol. 2, § 849, § 931; *Warner* v.
*Beardsley*, 8 Wend. 194.

   PEMBERTON, C. J.—The evidence is not presented in the
record.   The judgment recites that the court overruled the
plaintiff's demurrer to the answer as to the first defense con-
tained therein, and sustained it as to all special defenses
pleaded by defendants.   It also recites that thereafter the
court heard the evidence on the issues raised by the complaint
and first defense contained in the answer, and rendered judg-
ment thereon for the plaintiff in accordance with the terms of
the note.   In the issues tried were involved the ownership of
plaintiff of the note as alleged in the complaint; in other words
under the issue joined as stated above, the plaintiff was re-
quired to prove the material allegations of his complaint in
order to authorize a judgment, and, in the absence of the evi-
dence, we must presume that the evidence authorized the ren-
dition of the judgment.   This disposes of all the material al-
legations of the complaint, and the denials thereof contained in

the answer, and leaves us the task of dealing with the special defenses contained in the answer.

The answer alleges that McBride, the principal in the note, diverted the money raised on the note from the purpose for which he obtained it, and for which purpose appellants were induced to sign the note as his securities, and that plaintiff had knowledge thereof. The answer is uncertain and indefinite, in that it does not state what McBride did with the money. But suppose he did use it for a different purpose than that for which it was obtained. How were the appellants injured thereby? It is not shown. It is not alleged that the post office fixtures were not purchased and used by McBride in the building adjoining appellants', where it seems they wanted the post office kept. 1 Daniel, Neg. Inst., 4th Ed., § 792, says: "In order to constitute a misappropriation, there must be a fraudulent diversion from the original object and design; and it is now well settled that, where a note is indorsed for the accommodation of the maker, to be discounted at a particular bank, it is no fraudulent misappropriation of the note if it is discounted at another bank, or used in the payment of a debt or otherwise for the credit of the maker." See, also, *Moreland's Assignee* v. *Bank*, (Ky.) 30 S. W. 637, where this doctrine is treated elaborately. We think the allegations of the answer in this respect constitute no defense.

The appellants also allege in their answer that the plaintiff was guilty of laches in presenting and undertaking to collect the note sued on as shown in the statement. This court, in *Smith* v. *Freyler*, 4 Mont. 489, 1 Pac. 214, where this question is fully treated, and the authorities collated, says: "It will not release a surety on a promissory note from his liability thereon, though the creditor fail or refuse to sue the principal debtor, after notice by the surety, even though at the time of such notice the principal debtor was good, and afterwards became insolvent. The surety's remedy is to pay the note, and himself sue the principal debtor." In the case at bar no such laches are alleged on the part of the plaintiff as were shown to exist in *Smith* v. *Freyler*, supra. In that

case the holder of the note refused to sue after notice to do so by the security when the principal debtor was solvent at the time, and, after notice, became insolvent. Mere delay and passivity of the creditor in presenting or collecting the debt does not discharge the surety. (2 Daniel, Neg. Inst., 4th Ed., § 1326.) We think *Smith* v. *Freyler, supra,* decisive of this question.

These are the only errors assigned which appellants' counsel ask us to consider. There are other assignments, but they are included in the questions treated above; and, if they were not, we think them so immaterial as not to require separate treatment. We think the matters treated above cover substantially all the errors assigned in the record. We see no error in the action of the court in sustaining the demurrer to the special defenses contained in the answer of appellants, and which we have discussed above. The judgment appealed from is affirmed.

*Affirmed.*

HUNT and BUCK, JJ., concur.

